UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
CHRISTINE M. TALYOR, individually and on behalf of all              :   2:17-CV-01733 (ARR)(RER)
others similarly situated,                                          :
                                                                    :   <u>NOT FOR ELECTRONIC</u>
                              Plaintiff,                            :   <u>OR PRINT PUBLICATION</u>
                                                                    :
     -against-                                                      :   <u>OPINION & ORDER</u>
                                                                    :
MRS BPO, LLC,                                                       :
                                                                    :
                              Defendant.                            :
------------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff, Christine M. Taylor, alleges that a collection letter sent to her by defendant, MRS BPO, LLC ("MRS"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 <u>et seq.</u>, because it failed to identify the current owner of her debt. Compl. ¶¶ 16-46, ECF No. 1. Because the communication in question adequately discloses the current owner of plaintiff's debt, I dismiss plaintiff's complaint with prejudice.

## BACKGROUND

On March 29, 2016, MRS sent plaintiff a letter regarding a $5,635.52 debt originating from a consumer credit card. <u>See</u> Letter (Mar. 29, 2016) ("Collection Letter"), Compl. Ex. 1, ECF No. 1-1; Compl. ¶ 14. The parties do not dispute that Taylor is a consumer within the meaning of the FDCPA or that the Collection Letter is a communication subject to the requirements of that act. Boxed text on the top right side of the letter reads, "RE: CHASE BANK USA N.A." followed by a "MRS ACCT#" and a "CLIENT ACCT#". <u>Id.</u> The last four digits of the client account number are provided. <u>Id.</u> The main text of the letter concludes, "When you call please let our representative know that you have received the CHASE BANK

USA N.A. Option Letter." Id. After the signature line, the letter reads, "If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products." Id. The letter is on MRS letterhead and discloses that it is "communication . . . from a debt collector." Id.

## DISCUSSION

### A. The FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To ensure that the statute protects the most vulnerable debtors, courts are to view debt collection communications "from the perspective of the 'least sophisticated consumer.'" Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993)). The "least sophisticated consumer" standard of review examines "how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). However, "in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." Clomon, 988 F.2d at 1319; see also Rosa v. Gaynor, 784 F. Supp. 1, 3 (D.Conn.1989) ("The FDCPA does not extend to every bizarre or idiosyncratic interpretation by a debtor of a creditor's notice . . . [but] does reach the reasonable interpretation of a notice by even the least sophisticated [consumer]."). The least sophisticated consumer "is neither irrational nor a dolt." Ellis v. Solomon and Soloman, P.C., 591 F.3d 130, 135 (2d Cir. 2010)

2

(citing Russell, 74 F.3d at 34). "[B]ecause the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law." Quinteros v. MBI Assocs., Inc., 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (quoting Castro v. Green Tree Servicing LLC, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013)).[1]

**B. Creditor Identification**

Section 1692g(a)(2) of the FDCPA requires debt collectors to inform consumers of "the name of the creditor to whom the debt is owed" "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692g(a). The complaint contains no allegations regarding whether this initial notice was provided. Rather, plaintiff's lone cause of action arises under Section 1692e(10), "a catch-all provision that bars '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt. . . .'" Altman v. J.C. Christensen & Assocs., Inc., 786 F.3d 191, 194 (2d Cir. 2015) (quoting 15 U.S.C. § 1692e(10)). Plaintiff argues that the Collection Letter "is susceptible to an inaccurate reading concerning the identity of the creditor to whom [p]laintiff's debt is allegedly owed." Pl.'s Mem. Law Opp'n Def.'s Mot. Dismiss ("Opp'n") at 6, 11-12, ECF No. 14.

Defendants argue, first, that "[t]here is simply no requirement under [Section] 1692e to disclose the name of the creditor to whom the debt is owed" and therefore plaintiff's complaint

---

[1] For this reason, defendant's argument that plaintiff herself was not confused by the notice – as evidenced by a bankruptcy filing referencing the same Chase debt – is disregarded. See Def.'s Mem. Law Supp. Def.'s Mot. Dismissal Pursuant Fed. R. Civ. P. 12(b)(6) ("Def.'s Mem.") at 5-6, ECF No. 12-1. "In order to prevail [in an FDCPA action] it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 91 (2d Cir. 2008).

amounts to an attempt to require the initial Section 1692g disclosures in all subsequent communications with a consumer. Def.'s Mem. at 5,7. Second, defendant argues that the Collection Letter adequately discloses the creditor as required by Section 1692g. Id. at 8-9. Finally, defendant argues that any misrepresentation in violation of Section 1692e is not material. Id. at 9-10.

It is unclear whether a failure to identify the current creditor in a communication subsequent to the initial disclosure required by Section 1692g(a) is actionable under the catchall provision of Section 1692e(10). At least one court has held that it is not. See Hammett v. Allianceone Recievables Mgmt., No. 11-3172, 2011 WL 3819848, at *5 (E.D. Pa. Aug. 30, 2011) ("Section 1692e—including subparagraph 10—does not impose any obligation to disclose the creditor's name."). Most cases addressing such a claim under Section 1692e(10), including all of plaintiff's cases on this issue, involve an initial communication and a plaintiff who has elected to plead violations of both sections. See Opp'n at 7, 10-11 (citing McGinty v. Prof'l Claims Bureau, Inc., No. 15-cv-4356 (SJF)(ARL), 2016 WL 6069180, at *4, *6-7 (E.D.N.Y. Oct. 17, 2016); Datiz v. Int'l Recovery Assocs., Inc., No. 15-CV-3549 (ADS) (AKT), 2016 WL 4148330, at *7 (E.D.N.Y. Aug. 4, 2016); Lee v. Forster & Garbus, LLP, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013)). In that context, courts have found that "[t]he standard for determining a violation of [Section] 1692e(10) is essentially the same as that for [Section] 1692g." McGinty, 2016 WL 6069180 at *7 (quoting Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 666-67 (S.D.N.Y. 2006)). Because I conclude that the standard under Section 1692g(a)(2) was met, I assume without deciding that plaintiff has a viable claim under Section 1692e(10).[2]

---

[2] Defendant also argues that plaintiff can be charged with knowledge of the adequate disclosures made in prior communications. Def.'s Mem. at 7 ("[T]he absence of . . . a claim [brought under Section 1692g] indicates that Plaintiff is aware of the prior communications from

4

The Collection Letter adequately disclosed the current owner of plaintiff's debt. Under Section 1692g, "[t]he court's role is to assess whether the 'least sophisticated consumer' who read the entire letter would have been aware that the name of the creditor appeared in the letter." Dewees v. Legal Serv., LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007) (citing McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002) for the proposition that "for purposes of ruling on a FDCPA claim, debt collection letters should be analyzed as a whole") (other citations omitted).

Here, the subject line of the Collection Letter identifies both the creditor, Chase, and plaintiff's account number with Chase Bank. This "strongly suggests" that Chase is the current creditor. See Santibanez v. Nat. Credit Sys., Inc., No. 6:16-cv-00081-AA, 2017 WL 126111, at *3 (D. Or. Jan. 12, 2017) ("Here, the subject line contains a single name (EMC's) and a single account number. That strongly suggests EMC is the creditor."). The only other entity mentioned in the letter is MRS, which is clearly identified as the debt collector. Cf. Walls v. United Collection Bureau, Inc., No. 11 C 6026, 2012 WL 1755751, at *2 (N.D. Ill. May 16, 2012) (finding confusing a letter that lists one entity as the debt collector's "client" and another as the "current owner.").

Plaintiff is correct that "[c]ourts of this [d]istrict have repeatedly held that merely stating 'RE' and the name of an entity in a collection letter does not satisfy the . . . requirements of the

---

MRS."). There is some support for the idea that subsequent communications from a debt collector may be read in context with other communications received by the consumer. See Majerowitz v. Stephen Einstein & Assocs., P.C., No. 12 Civ. 4592(ILG)(RLM), 2013 WL 4432240, at *3 (E.D.N.Y. Aug. 15, 2013) (finding that "[t]here was no requirement that defendant repeatedly add after its name what plaintiff surely knew, that it was a debt collector" (citation omitted)); but see Kagan v. Selene Fin., L.P., 210 F. Supp. 3d 535, 546-47 (S.D.N.Y. 2016) (finding that a debt collector must identify itself as such in each communication with a consumer (collecting cases)). Here, the complaint contains no allegation regarding any previous communication with plaintiff. I am therefore unable, at this stage, to determine whether the prior course of communication with plaintiff would affect the disclosure requirement under any provision of the FDCPA.

FDCPA," Opp'n at 1; id. at 9 (citing Datiz, 2016 WL 4148330 at *11; McGinty, 2016 WL 6069180 at *4; Lee, 926 F. Supp. 2d at 487). However, the Collection Letter mentions Chase two additional times, in a context that "implicitly mak[es] clear" that Chase is the current creditor. See Datiz, 2016 WL 4148330 at *11. First, the letter directs the debtor to reference the "CHASE BANK, N.A. Option Letter" when calling MRS. Second, the letter cautions that, if the debt is settled for less that the full outstanding balance, Chase may offer less favorable terms or deny applications for future Chase products. Given these disclosures, even the least sophisticated consumer would conclude that Chase is the current owner of the debt.

Further, while the letter does not use the words "creditor" or "owner," see Opp'n at 11, "courts . . . have not required 'magic words' or specific phrases to meet the strictures of 1692(e)." Shanker v. Fair Collection & Outsourcing, LLC, No. 3:09-cv-1759(FLW), 2009 WL 1767580, at *4 (D.N.J. June 19, 2009); see also Emanuel v. Am. Credit Exch., 870 F.2d 805, 808 (2d Cir. 1989) ("[T]here simply is no requirement that [a collection] letter quote verbatim the language of the statute."). Indeed, such a rule is likely precluded by the least sophisticated consumer standard, which requires courts to view collection correspondence "as a whole." See Dewees, 506 F. Supp. 2d at 132.

Finally, plaintiff has failed to provide a reasonable but inaccurate interpretation of the letter. Plaintiff suggests that "the least sophisticated consumer may reasonably read the letter to mean: (1) that Chase is the 'client' and the creditor on whose behalf [d]efendant is acting, as [d]efendant suggests; or (2) that the 'client' is some other unidentified entity, such as a debt purchaser, and that this unknown entity is [p]laintiff's creditor." Opp'n at 11. The word "client" appears only in the heading of the Collection Letter, identifying an account number. Even an unsophisticated consumer could match the last four digits of the account number to her former

6

credit card and recognize that the "CLIENT ACCT#" referred to her account with Chase. But even if a consumer did not understand precisely which account this number referred to, the rest of the letter would still make it clear that Chase was her current creditor. See Dewees, 506 F. Supp. 2d at 132 ("[F]or purposes of ruling on an FDCPA claim, debt collection letters should be analyzed as a whole." (citing McStay, 308 F.3d at 191); Gabriele v. Am. Home Mortgage Servicing, Inc., 503 F. App'x 89, 95 (2d Cir. 2012) (dismissing an FDCPA claim alleging a "mere technical falsehood[] that misle[d] no one" (quoting Donohue v. Quick Collect Inc., 592 F.3d 1027, 1034 (9th Cir. 2010))). Thus, there is no reasonable but inaccurate interpretation of the letter subjecting defendant to liability under the FDCPA. See Clomon, 988 F.2d at 1319.[3]

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. The Clerk of Court is directed to enter judgment in favor of defendant and close the case.

SO ORDERED.

                                                                   /s/
                                                                   Allyne R. Ross
                                                                   United States District Judge

Dated:    July 5, 2017
             Brooklyn, New York

---

[3] Because I find no misrepresentation, I do not address materiality. Def.'s Mem. at 9-10; Opp'n at 13-14. Further, because I did not reach defendant's arguments based on Islam v. Credit Control, LLC, No. 16-cv-6883, 2017 WL 2788938 (E.D.N.Y. June 27, 2017), plaintiff's motion for leave to file a sur-reply (ECF No. 16) is denied as moot.